Anthony J. Fernandez (AZ Bar No. 018342)
Quintairos, Prieto, Wood & Boyer, P.A.
2390 East Camelback Road, Suite 440
Phoenix, Arizona 85016
Telephone: (602) 954-5605
Facsimile: (602) 954-5606
Email: afernandez@qpwblaw.com

Christopher F. Robertson (*pro hac vice*)
Christina Duszlak (*pro hac vice*)
Seyfarth Shaw LLP
Two Seaport Lane, Suite 300
Boston, Massachusetts 02210
Telephone: (617) 946-4800
Facsimile: (617) 946-4801
Email: crobertson@seyfarth.com

Attorneys for Defendant
The Hertz Corporation d/b/a Hertz Local Edition

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Ronald Daniel Masters,<br><br>  Plaintiff,<br><br>  v.<br><br>The Hertz Corporation d/b/a Hertz Local Edition,<br><br>  Defendant. | No. CV-19-05267-PHX-DJH<br><br>**DEFENDANT'S PARTIAL MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT WITH MEMORANDUM OF LAW** |

Pursuant to Federal Rule of Civil Procedure 12(b)(6), The Hertz Corporation d/b/a Hertz Local Edition ("Hertz" or "Defendant") respectfully submits this Memorandum of Law in support of its Partial Motion to Dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted. On January 29, 2020, Plaintiff Ronald Daniel Masters ("Plaintiff") filed his Amended Complaint alleging violations of: (1) Arizona's Employment Protection Act ("AEPA") for whistleblower retaliation under Arizona Revised Statutes ("A.R.S.") § 23-1501; and (2)

Arizona's Wage Statute, A.R.S. § 23-352, for failure to explain a wage deduction, and failure to pay certain bonus amounts.

Nothing in Plaintiff's Amended Complaint cures the legal or factual deficiencies in his original Complaint as to his whistleblower retaliation claim under A.R.S. § 23-1501. In-fact, Plaintiff's Amended Complaint provides even less detail in support of this claim. Plaintiff merely recites the words of the statute, and provides vague references to his alleged internal complaints regarding violations of company policy. Plaintiff identifies no statutory or constitutional provision on which to base his claim, and he alleges no facts that show any constitutional or statutory violation. Furthermore, even if Plaintiff had sufficiently identified a constitutional or statutory provision at issue, the minimal facts that are alleged in his Amended Complaint defeat any wrongful termination claim. Thus, Hertz respectfully requests that Plaintiff's whistleblower retaliation claim under A.R.S. § 23-1501 be dismissed with prejudice.[1]

## I. FACTUAL ALLEGATIONS

Plaintiff alleges he was wrongfully terminated from Hertz as a result of his complaints to an Area Manager, Connor [Mullin], about unlawful conduct by certain unknown Hertz employees. (Plaintiff's Amended Complaint ("Am. Compl."), at pp. 2-3.) Specifically, Plaintiff alleges that he reported the following events that Hertz failed to properly investigate: (1) "unauthorized use of company vehicle (theft)"; (2) "use of Plaintiff's security log in, ID and password to perform an illegal transaction (theft of identity)"; and (3) "creating a hostile/toxic work environment (harassment)". (*Id.* at p. 2.)[2] Plaintiff cites to Hertz's internal ethical and EEO policies in support of these

---

[1] Plaintiff attached his original Complaint to his Amended Complaint as Exhibit 9. Notwithstanding the Court's instruction that Plaintiff comply with Local Rule 15.1 by bracketing or striking through the text to be deleted and underlining the text to be added (ECF 30), Plaintiff failed to do so. As such, it is unclear which of Plaintiff's allegations are now at issue in the case. For purposes of this Motion to Dismiss, Defendant responds only to Plaintiff's Amended Complaint (ECF 31), which is the "operative Complaint" in this matter. (ECF 32.) To the extent Plaintiff relies on any allegations in his original Complaint, Defendant renews its original Motion to Dismiss (ECF 11), attached hereto as **Exhibit A**.

[2] Plaintiff claims that Mullin failed to properly address his complaints, so he "follow[ed] Company Guildines and report[ed] to Human Resources." (Am. Compl., at p. 3.) It is unclear from the Amended Complaint what Plaintiff reported to HR.

allegations. (*Id.*; Am. Compl. Exs. 1-4.) Plaintiff claims that Mullin retaliated against him for reporting unlawful conduct by making false allegations that led the Hertz Team to terminate Plaintiff's employment. (Am. Compl., at p. 2.) According to Plaintiff, one of his complaints (he does not identify which one) preceded his discharge by two weeks. (*Id.* at p. 3.) Plaintiff does not allege what the company's unlawful conduct was, whether such conduct is covered by any state statutes, who made the decision to terminate his employment, or what false statement Mullin allegedly made that led to his termination.

## II.  ARGUMENT

### A.  *Plaintiff Fails To Bring A Cause of Action For Whistleblower Retaliation Under the AEPA (A.R.S. § 23-1501)*

To bring a claim under A.R.S. § 23-1501, ("Whistleblower Retaliation Statute"), Plaintiff must allege that he disclosed to a supervisor that he had "information or a reasonable belief that the employer, or an employee of the employer, has violated, is violating or will violate the Constitution of Arizona or the statutes of this state[.]" A.R.S. § 23-1501 (A)(3)(c)(ii).  Plaintiff alleges a violation of A.R.S. § 23-352. However, this statute does not support a cause of action for retaliation, and Plaintiff does not otherwise identify any Arizona statute or constitutional provision that Hertz allegedly violated. *See McGinnis v. Arizona Pub. Serv. Co.*, No. 1 CA-CV 17-0486, 2018 WL 2730687, at *2 (Ariz. Ct. App. June 7, 2018) (dismissing wrongful termination claim where plaintiff failed to describe how defendant violated any state statue).

The Whistleblower Retaliation Statute also restricts claims by explicitly prohibiting actions for wrongful termination based on state statutes that provide their own remedial scheme:

> If the statute provides a remedy to an employee for a violation of the statute, the remedies provided to an employee for the violation of the statute are the exclusive remedies for the violation for the statute or the public policy set forth in or arising out of the statute.

A.R.S. § 23-1501(3)(b).  Accordingly, the public policy basis for a wrongful termination claim cannot be based on a statute that provides its own remedial plan. *Reel Precision,*

*Inc. v. FedEx Ground Package Sys., Inc.*, No. CV-15-02660-PHX-NVW, 2016 WL 4194533, at *5 (D. Ariz. Aug. 9, 2016). Here, in addition to asserting vague allegations of theft, Plaintiff alleges that he raised concerns about a hostile or harassing work environment, as referenced in Hertz's policy against harassment and discrimination. (Am. Compl., at p. 2; Am. Compl. Exs. 3-4.) However, the Arizona Civil Rights Act provides its own remedy for such violations. *See* A.R.S. § 41-1463. Thus, Plaintiff cannot bring such a claim under A.R.S. § 23-1501.

Even without citing a specific statute, Hertz cannot discern any violation of Arizona laws based on the facts as alleged. At most, Plaintiff alleges violations of Hertz's internal policies or ethical concerns. Indeed, rather than citing to Arizona statutes proscribing the complained-of conduct, Plaintiff directly points to internal policies in support of his allegations, including the following policies:

- Hertz's internal policy against unauthorized use of Hertz vehicles;

- Hertz's internal ethics policy against using a log-in ID other than one's own; and

- Hertz's Equal Employment Opportunity policies against workplace discrimination, harassment, and retaliation.

(Am. Compl., at p. 2; Am. Compl. Exs. 1-4.) However, a violation of internal policy or raising ethical concerns does not constitute a protected activity needed to establish a claim under A.R.S. § 23-1501. *Gray v. Motorola, Inc.*, No. CV 07-1466-PHX-MHM, 2009 WL 3173987, at *17- 18 (D. Ariz. Sept. 30, 2009) (holding that Plaintiff's disclosure of ethical concerns did not constitute protected activity under AEPA); *Tittle v. NAZCARE, Inc.*, No. 1 CA-CV 08- 0832, 2010 WL 1170243, at *3 (Ariz. Ct. App. Mar. 25, 2010) (rejecting AEPA claim where Plaintiff expressed general "serious concerns," but did not report an alleged violation of Arizona law).

**B.**     ***Plaintiff Fails To State A Claim Under The Pleading Requirements Of F.R.C.P. 8(a)***

To survive a motion to dismiss for failure to state a claim under 12(b)(6), a complaint must meet the requirements of Federal Rule of Civil Procedure 8(a)(2). Under the Rule, a complaint must contain a "short and plain statement showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Plaintiff must put forth sufficient allegations so that defendants are "fairly on notice of the claims against them." *Robles v. City of Tolleson*, No. CV-18-02795-PHX-DJH, 2019 WL 1150963, at *2 (D. Ariz. Mar. 13, 2019)(citing *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991)). Under Rule 12(b)(6), dismissal "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Holloway v. Eastbridge Workforce Sols.*, No. CV-18-00795-PHX-SMB, 2019 WL 1059969, at *2 (D. Ariz. Mar. 6, 2019)(quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). A complaint puts forth a cognizable legal theory when the alleged facts, if accepted as true, states a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. While the Court must interpret the facts alleged in the complaint in the light most favorable to the plaintiff, it does not have to accept legal conclusions. *Schwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Noriega v. Arizona*, No. CV-16-01015-PHX-JJT, 2016 WL 3418939, at *2 (D. Ariz. June 22, 2016) (quoting *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998)).

### 1. *Plaintiff Fails To Allege Sufficient Facts To Bring A Claim Under A.R.S. § 23-1501*

Plaintiff fails to allege facts WHICH show that he was terminated in retaliation for disclosing he had information or a reasonable belief that Hertz violated the Arizona Constitution or state statutes. A.R.S. § 23-1501 (A)(3)(c)(ii). Plaintiff merely makes vague, conclusory statements that he reported unauthorized use of a Hertz vehicle by some unknown person; use of Plaintiff's login information by some unknown person; and that someone created a "hostile/toxic work environment." (Am. Compl., at p. 2.) He further alleges that this conduct amounted to certain variations of "theft" and "harassment." (*Id.*) Plaintiff does not allege any facts describing what he actually said, or how exactly his complaints related to violations of Arizona law. *See Gorney v. Arizona Bd. of Regents*, No. CV-13-00023-TUC-CKJ, 2013 WL 5348304, at *7 (D. Ariz. Sept. 24, 2013) (dismissing whistleblower retaliation claim where plaintiff failed to identify the contents of his disclosures or specify whether any of his disclosures were related to a violation of state law); *see also* A.R.S. § 23-1501(A)(3)(c)(ii) (to support a claim Plaintiff must allege a violation of "the Constitution of Arizona or the statutes of this state."). Such a "formulaic recitation of the elements of a cause of action will not do" to plead a cause of action. *Twombly*, 550 U.S. at 555. Thus, Plaintiff's allegations under A.R.S. § 23-1501 must be dismissed for failure to state a claim upon which relief can be granted.[3]

## III. CONCLUSION

For the aforementioned reasons, Hertz respectfully requests the Court dismiss Plaintiff's claim under A.R.S.§ 23-1501 in its entirety.

---

[3] While Hertz also believes that Plaintiff's claims for unpaid wages have no merit and Hertz denies withholding any wages from Plaintiff, Hertz appreciates that responding to these claims will require factual submissions that are better served by a subsequent motion for summary judgment. However, by dismissing the retaliation claims, which are factually and legally deficient and cannot survive, Hertz believes the claims and scope of discovery can be substantially narrowed and focused on the limited issue of allegedly unpaid wages.

DATED this 10th day of February, 2020.

        QUINTAIROS PRIETO WOOD & BOYER, PA

By    /s/Anthony J. Fernandez
    Anthony J. Fernandez
    Local Counsel for Defendant The Hertz
    Corporation d/b/a Hertz Local Edition


SEYFARTH SHAW, LLP


By /s/Anthony J. Fernandez (with permission)
    Christopher F. Robertson
    Subject to Pro Hac Vice
    Attorneys for Defendant The Hertz
    Corporation d/b/a Hertz Local Edition

**CERTIFICATE OF SERVICE**

I, Anthony J. Fernandez, an attorney, certify that I caused a copy of the attached **MEMORANDUM OF LAW IN SUPPORT OF PARTIAL MOTION TO DISMISS** to be served upon Plaintiff by U.S. Mail and electronic mail on February 12, 2020:

>Ronald Daniel Masters
>1805 W. Naranja Ave.
>Mesa, Arizona 85202
>foodmasters1960@yahoo.com
>*Plaintiff*

>       */s/Anthony J. Fernandez*
>             Anthony J. Fernandez

# EXHIBIT A

RECEIVED
By Barbara McKinley at 11:36 am, Oct 18, 2019

Anthony J. Fernandez (Bar No. 018342)
**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**
2390 E. Camelback Road, Suite 440
Phoenix, Arizona 85016
Telephone: (602) 954-5605
Facsimile: (602) 954-5606
afernandez@qpwblaw.com
Attorneys for Defendant The Hertz Corporation

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald Daniel Masters,<br><br>   Plaintiff,<br><br> v.<br><br>The Hertz Corporation,<br><br>   Defendants. | Case No. CV-19-5267-PHX-DJH<br><br>**MOTION TO DISMISS WITH PREJUDICE OR FOR MORE DEFINITE STATEMENT**<br><br>(Assigned to the Honorable Diane J. Humetewa) |

Pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(e), The Hertz Corporation d/b/a Hertz Local Edition ("Hertz" or "Defendant") respectfully submits this Memorandum of Law in support of its Motion to Dismiss for failure to state a claim, or in the alternative, Motion for a More Definite Statement. On August 29, 2019, Plaintiff Ronald Daniel Masters ("Plaintiff") filed a Complaint citing violations of Arizona's Employment Protection Act ("AEPA") for whistleblower retaliation under Arizona Revised Statutes ("A.R.S.") §23-1501, the Fair Labor Standards Act ("FLSA") for retaliation under 29 U.S.C. § 215 and Arizona's state wage and hour laws for withholding wages under A.R.S. §23-352. Besides mere recitations of the words of the statutes, Plaintiff alleges no facts that show a violation of any of these statutes. Furthermore, the minimal facts that are alleged defeat any claims under these same statutes. Thus, Hertz respectfully requests that Plaintiff's claims be dismissed, or, in the alternative, be required to re-plead the Complaint to properly advise Hertz of the claims being asserted against it.

I.     **FACTUAL ALLEGATIONS**

Plaintiff alleges he was wrongfully terminated from Hertz in April 2019 as a result of complaints to his Area Manager, Connor Mullen, and Hertz's Human Resources Department. (Complaint ¶ 9) Specifically, Plaintiff alleges that he reported the following events to his supervisors: (1) Branch Manager Chris Carrilla acted unethically by "booking adrenaline cars in a class so as to get [an] upgrade which increases his bonus"; (2) Branch Manager Chris Carrilla used Plaintiff's company identification and security log-in to perform a transaction; (3) an employee, Donte Brown, "took a company car not on contract for 8 days and returned the vehicle damaged"; (4) an employee, Lydia Mesa, created a "toxic" environment; and (5) Human Resources failed to investigate the aforementioned events he described. Complaint ("Compl.") Statement of Facts and Breach ¶¶ 5, 6, 7, 8, 9. Plaintiff also alleges that he was terminated in April 2019, and that he "reasonably believe[s] that the company engaged in unlawful conduct, [he] reported [his] concerns to [his] Area Manager and the company's conduct in terminating [his] employment was retaliatory." *Id*. at ¶ 9-10. However, Plaintiff does not allege what the company's unlawful conduct was, whether such conduct is covered by any of the statutes he cites, or who made the decision to terminate his employment.

II.    **ARGUMENT**

    A.     *Plaintiff Fails To Bring A Cause of Action For Whistleblower Retaliation Under the AEPA (A.R.S. § 23-1501)*

To bring a claim under the AEPA, A.R.S. § 23-1501, ("Whistleblower Retaliation Statute"), Plaintiff must allege that the "employee has information or a reasonable belief that the employer… has violated, is violating or will violate the Constitution of Arizona or the statutes of this state." A.R.S. § 23-1501 (A)(3)(c)(ii). Plaintiff alleges a violation of two statutes: 29 U.S.C. § 215 and A.R.S. § 23-352. However, these statutes do not support a cause of action for retaliation. Specifically, Plaintiff could not have a "reasonable belief" that Hertz violated any of the aforementioned statutes based on their plain meaning. *Reel Precision, Inc. v. FedEx Ground Package Sys., Inc.*, No. CV-15-02660-PHX-NVW, 2016

2

WL 4194533, at *5 (D. Ariz. Aug. 9, 2016) (finding that Plaintiffs failed to state a claim for retaliation under A.R.S. § 23-1501 because they could not have a "reasonable belief" that the employer was violating the "the statutes of this state" in light of the plain meaning of those statutes).

The Whistleblower Retaliation Statute explicitly states that to support a claim Plaintiff must allege a violation of "the Constitution of Arizona or the statutes of *this* state." A.R.S. § 23-1501(A)(3)(c)(ii)(emphasis added). In other words, the Whistleblower Retaliation Statute only provides a cause of action for violations of Arizona state law. A violation of a federal statute does not provide a sufficient basis to bring a claim. Likewise, courts in Arizona have held that there is no statutory public policy exception for whistleblowing associated with federal regulations. *Gorney v. Arizona Bd. of Regents*, No. CV-13-00023-TUC-CKJ, 2013 WL 5348304, at *7 (D. Ariz. Sept. 24, 2013) (citing *Galati v. America West Airlines, Inc.*, 205 Ariz. 290, 294 (Ct. App. 2003) (holding that § 23–1501(A)(3)(c)(ii) does not support a claim for wrongful discharge based on a whistleblower disclosure related to federal law)).

The Whistleblower Retaliation Statute also restricts claims by explicitly prohibiting actions for wrongful termination based on state statutes that provide their own remedial scheme:

> If the statute provides a remedy to an employee for a violation of the statute, the remedies provided to an employee for the violation of the statute are the exclusive remedies for the violation for the statute or the public policy set forth in or arising out of the statute.

A.R.S. § 23-1501(3)(b). Accordingly, in addition to the lack of coverage related to federal law, the public policy basis for a wrongful termination claim cannot be based on a statute that provides its own remedial plan. *Reel Precision, Inc.*, 2016 WL 4194533, at *5. Here, in addition to alleging violations of federal law, Plaintiff alleges a violation of Arizona's wage statute, A.R.S. § 23-352 (discussing withholding wages). However, the Arizona wage statute provides its own remedy, including the recovery of treble the amount of improperly

3

withheld wages. A.R.S. § 23-355. Thus, Arizona's wage statute cannot serve as the basis for a claim under A.R.S. § 23-1501.

Even without citing a specific statute, Hertz cannot discern any violation of Arizona laws based on the facts as alleged. At most, Plaintiff alleges violations of Hertz's internal policies or ethical concerns. However, a violation of internal policy or raising ethical concerns does not constitute a protected activity needed to establish a claim under A.R.S. § 23-1501. *Gray v. Motorola, Inc.*, No. CV 07-1466-PHX-MHM, 2009 WL 3173987, at *17-18 (D. Ariz. Sept. 30, 2009) (holding that Plaintiff's disclosure of ethical concerns did not constitute protected activity under AEPA); *Tittle v. NAZCARE, Inc.*, No. 1 CA-CV 08-0832, 2010 WL 1170243, at *3 (Ariz. Ct. App. Mar. 25, 2010) (rejecting AEPA claim where Plaintiff expressed general "serious concerns," but did not report an alleged violation of Arizona law).

### B. *Plaintiff Fails To State A Claim Under The Pleading Requirements Of F.R.C.P. 8(a)*

To survive a motion to dismiss for failure to state a claim under 12(b)(6), a complaint must meet the requirements of Federal Rule of Civil Procedure 8(a)(2). Under the Rule, a complaint must contain a "short and plain statement showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Plaintiff must put forth sufficient allegations so that defendants are "fairly on notice of the claims against them." *Robles v. City of Tolleson*, No. CV-18-02795-PHX-DJH, 2019 WL 1150963, at *2 (D. Ariz. Mar. 13, 2019)(citing *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991)). Under Rule 12(b)(6), dismissal "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Holloway v. Eastbridge Workforce Sols.*, No. CV-18-00795-PHX-SMB, 2019 WL 1059969, at *2 (D. Ariz. Mar. 6, 2019)(quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint puts forth a cognizable legal theory when the alleged facts, if accepted as true, states a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the

plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. While the Court must interpret the facts alleged in the complaint in the light most favorable to the plaintiff, it does not have to accept legal conclusions. *Schwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Noriega v. Arizona*, No. CV-16-01015-PHX-JJT, 2016 WL 3418939, at *2 (D. Ariz. June 22, 2016)(quoting *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998)).

### 1. *Plaintiff Fails To Allege Sufficient Facts To Bring A Claim Under A.R.S.§ 23-1501*

Plaintiff fails to allege facts that show he had a "reasonable belief" that Hertz has violated, is violating or will violate the Constitution of Arizona or the statutes of this state." A.R.S. § 23-1501 (A)(3)(c)(ii). Plaintiff merely makes conclusory statements that his disclosures were "violation[s] of Arizona law" and that he "reasonably believe[s] the company [has] engaged in unlawful conduct." *See* Compl. Statement of Facts and Breach ¶¶ 6, 7, 10. Such a "formulaic recitation of the elements of a cause of action will not do" to plead a cause of action. *Twombly*, 127 S. Ct. at 1964-65. Thus, Plaintiff's allegations under A.R.S. § 23-1501 also must be dismissed for failure to state a claim upon which relief can be granted.

### 2. *Plaintiff Fails To Allege Sufficient Facts To Bring A Claim Under 29 U.S.C. § 215*

Plaintiff's allegation regarding a violation of the FLSA's anti-retaliation provision must fail. To allege a retaliation claim under the FLSA, Plaintiff must show that (1) he engaged in a protected activity; (2) he suffered an adverse employment action, and (3) there was a causal link between his activity and the employment decision. *Lemley v. Graham Cty.*, No. CV-13-01221-TUC-CKJ, 2014 WL 11631714, at *8 (D. Ariz. May 16, 2014). Importantly, to be covered by the FLSA, an employee's complaint must pertain to conduct

5

covered by the FLSA and cannot be a generalized grievance about workplace conditions. *See*, e.g., *Richard v. Carson Tahoe Reg'l Healthcare*, 635 F. App'x 371 (9th Cir. 2016) (complaint about a lack of break time was not a protected act under the FLSA; employee was not complaining about wages, and FLSA did not require breaks). Plaintiff's complaint fails to allege any facts to indicate he participated in a protected activity related to the FLSA. In fact, he pleads no facts about his wages whatsoever. Thus, Plaintiff's claim must be dismissed.

### 3. *Plaintiff Fails To Allege Sufficient Facts To Bring A Claim Under A.R.S. § 23-352*

To bring a claim under A.R.S. § 23-352, Plaintiff must allege that Hertz impermissibly withheld or diverted wages. A.R.S. § 23-352. Even accepting as true all of the factual allegations in Plaintiff's complaint, there is no "short and plain statement showing that the pleader is entitled to relief" under this statute. Fed. R. Civ. P. 8(a). Plaintiff fails to allege any facts that show that Hertz withheld his wages, the amount of wages allegedly withheld and for what periods. This claim must be dismissed.

### C. *If The Court Does Not Dismiss Plaintiff's Claims, The Court Should Require Plaintiff to Replead And Clarify His Claims*

If the Court is not inclined to dismiss Plaintiff's claims, Hertz respectfully requests that the Court order Plaintiff to replead his claim so that it may reasonably frame a responsive pleading.

A motion for a more definite statement may be granted when a pleading "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). The District Court of Arizona has required plaintiffs to replead their claims when a complaint fails to provide enough detail to notify the defendant of the nature of the claim. *Resolution Tr. Corp. v. Dean*, 854 F. Supp. 626, 650 (D. Ariz. 1994). Here, Plaintiff's claims do not provide sufficient detail to meet the pleading requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure. Rather, Plaintiff merely recites legal conclusions masquerading as allegations of facts. *See* Compl. Statement of Facts and

6

Breach ¶ 10; Compl. Applicable Law Supporting Claims ¶¶ 1-3.  In particular, Hertz seeks clarity on the basis for bringing claims under 29 U.S.C. § 215 and A.R.S. § 23-352.  Hertz further requests that Plaintiff clarify the basis upon which he brings a claim under A.R.S § 23-1501.

### III. CONCLUSION

For the aforementioned reasons, Hertz respectfully requests the Court dismiss Plaintiff's claims in their entirety.  In the alternative, Hertz requests that the Court order Plaintiff to replead his claims with the requisite factual specificity.

DATED this 18th day of October, 2019.

QUINTAIROS, PRIETO, WOOD & BOYER, P.A.

By  /s/Anthony J. Fernandez
    Anthony J. Fernandez
    Attorneys for Defendant The Hertz Corporation

# CERTIFICATE OF SERVICE

I, Anthony J. Fernandez, an attorney, certify that I caused a copy of the attached Motion to Dismiss with Prejudice or for More Definite Statement to be served upon Plaintiff by U.S. mail and electronic mail on October 18, 2019:

> Ronald Daniel Masters
> 1805 W. Naranja Ave.
> Mesa, Arizona 85202
> foodmasters1960@yahoo.com
> *Plaintiff*

*/s/Anthony J. Fernandez*
Anthony J. Fernandez